UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY G. MCPHERSON, JR.,

    Plaintiff,

        v.                          CAUSE NO. 3:22-CV-1044-RLM-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

OPINION AND ORDER

Larry G. McPherson, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. McPherson is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. McPherson is incarcerated at Westville Correctional Facility. His complaint is quite difficult to follow in places, but he seems to describe a variety of wrongdoing at Westville and New Castle Correctional Facility, where he was held

before. He describes incidents of excessive force, an alleged wrongful transfer to Westville, two incidents resulting in disciplinary infractions that he claims were unjustified, and incidents in which he was harassed or attacked by inmates at various facilities dating as far back as 1992. He sues 32 different defendants consisting of Indiana Department of Correction central office staff, New Castle staff, and Westville staff.

Unrelated claims against unrelated defendants belong in different lawsuits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). That all these individuals work for the Indiana Department of Correction doesn't mean that Mr. McPherson can lump all his claims against them in one lawsuit. *See* Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). When a plaintiff files a complaint asserting unrelated claims against unrelated defendants, a court ordinarily allows the plaintiff to pick which related claims he wants to proceed on in that case. Mr. McPherson claims that he is currently in danger because inmates at Westville view him as a snitch. Because Mr. McPherson claims to have a pressing need for protection from other inmates, the court will proceed to screen his failure-to-protect allegations and dismiss all his other claims without prejudice. If he wants to pursue these unrelated claims, he must do so in a separate lawsuit (or lawsuits), subject to the usual constraints of the Prison Litigation Reform Act.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-

833 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim can't be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." Klebanowski v. Sheahan, 540 F.3d 633, 639-640 (7th Cir. 2008). Simply expressing concerns for one's safety or asking to be moved, without linking it to a specific risk of harm, is insufficient. *See id.* That an inmate was denied protective custody, without more, is "not dispositive" in determining whether a prison official was deliberately indifferent to his safety. Lewis v. Richards, 107 F.3d 549, 553 (7th Cir. 1997).

Mr. McPherson's allegations are rather broad, and he doesn't provide enough detail about when these incidents occurred, what information he conveyed to what defendants, and what these defendants did or didn't do to protect him from harm. He often refers to "WCC staff" or "defendants" collectively, but that's not sufficient to state a claim against any particular defendant under federal pleading standards.

Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also* Henderson v. Wall, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). The court can't plausibly infer from his allegations that any named defendant was actually aware of a substantial risk to his safety and "failed to take appropriate steps to protect him from the specific danger" such that they could be held liable for damages.[1] Klebanowski v. Sheahan, 540 F.3d at 640. Mr. McPherson also names Westville as a defendant, but the prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

The complaint can be read to allege that he is currently in need of protection from other inmates. Mr. McPherson claims that he was assaulted by his cellmate and then moved to the segregation unit, but claims inmates have continued to threaten him in the segregation unit. The Warden of Westville Correctional Facility has both the authority and the responsibility to ensure that inmates at his facility are protected from harm by other inmates as required by the Eighth Amendment. *See*

---

[1] If Mr. McPherson believes he can clarify his allegations or add factual content to state a viable claim for damages against one or more defendants in connection with the failure to protect him from harm, he is free to file an amended complaint. But he must specify what each named defendant did that violated his rights.

4

Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). The court will allow Mr. McPherson to proceed on an Eighth Amendment claim against Warden John Galipeau in his official capacity for injunctive relief related to his need for protection from other inmates.

The complaint can also be read to seek preliminary injunctive relief in the form of an immediate transfer to another facility. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020). But "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." Doe v. Univ. of S. Indiana, 43 F.4th

5

784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these limitations, the court will order the Warden to respond before taking further action on his request for preliminary injunctive relief.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden John Galipeau of Westville Correctional Facility in his official capacity for injunctive relief related to his ongoing need for protection from other inmates as required by the Eighth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the plaintiff's claims against Brown (Co IC), Brown (Sgt., WCU), Cornett, Dolgen, Estes, Farley, Freyek, Gann, Hall, Hart, Jack Hendrix, Hines, James, Jones, Lewis, Machin, Majors, Mickson, Miller, Nash, Omarrh, Porter, Reed, Rippe, Risner, Natalia Ruiz, Sevier, Shannon Smith, Sonnenberg, Thompson, Warr, Watts, Yancey, and Zambrano;

(3) DISMISSES Westville Correctional Facility as a defendant;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau by email to the Indiana Department of Correction with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to Warden John Galipeau at Westville Correctional Facility;

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(9) ORDERS Warden John Galipeau to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **March 14, 2023**, with

supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's current need for protection from other inmates; and

(10) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 8, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
